**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LYLE MARK COULTAS, | No. 13-35402 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00045-AC |
| v. | |
| STEVEN PAYNE, individually and in his official capacity as Oregon State Crime Laboratory Detective; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding[**]

Submitted November 18, 2014[***]

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Former Oregon state prisoner Lyle Mark Coultas appeals pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment under Federal Rule of Civil Procedure 54(b) in his 42 U.S.C. § 1983 action alleging civil rights violations arising from his state court conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)). We vacate and remand.

The district court did not have the benefit of our recent decision in *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), when it determined that Coultas's § 1983 claims against the individual defendants, Steven Payne and Carroll Tichenor, were *Heck*-barred. In *Jackson v. Barnes*, the court held that certain claims were not *Heck*-barred because the criminal defendant was reconvicted without use of the evidence obtained in violation of his constitutional rights. *See id.* at 759-60. Accordingly, we vacate the district court's dismissal of Coultas's § 1983 claims against the individual defendants and remand to allow the district court to reconsider its application of *Heck*, including whether Coultas's postconviction relief invalidated his initial conviction, and whether his claims are inconsistent with his subsequent guilty plea conviction.

Coultas waived his appeal of his § 1983 claims against the State of Oregon, the Oregon State Police, and the Yamhill County District Attorney's Office by not

presenting any argument or legal authority on them.  *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001).

Coultas's request for oral argument, filed on January 17, 2014, and Coultas's motion to take judicial notice, filed on June 2, 2014, are denied as unnecessary.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**